UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____

| | |
|---|---|
| **SHERIE GOLDSTEIN, individually and on behalf of other similarly situated individuals** | |
|                     **Plaintiff** | **Civil Action No.:** |
| **vs.** | |
| **IBASE CONSULTING OF FAIRFIELD COUNTY, LLC; IBASE CONSULTING OF HARTFORD COUNTY, LLC; IBASE CONSULTING OF DALLAS, LLC; IBASE CONSULTING OF NEW YORK, LLC AND IBASE CONSULTING OF NEW JERSEY, LLC** | **3:03CV0100(MRK)** |
|                     **Defendant** | **APRIL 28, 2004** |

_____

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO VACATE**

**I.      INTRODUCTION**

Pursuant to 9 U.S.C. § 10 of the Federal Arbitration Act ("FAA"), Defendants respectfully submit this memorandum in support of their Motion to Vacate the Clause Construction Award (the "Award") submitted by Joseph D. Garrison ("Arbitrator") on March 29, 2004, in the matter between the parties before the American Arbitration Association (the "AAA", bearing case no. 11 160 02760 03.

Defendants seek to vacate the Award issued by the Arbitrator which held that the arbitration agreement signed by the parties cannot be construed to prohibit a class or collective action before the AAA.  A copy of the Award is attached hereto as <u>Exhibit 1</u>.  For the reasons set forth below, Plaintiff should not be allowed to proceed in her action on behalf of a class because the Arbitrator blatantly disregarded both the AAA Rules in interpreting the underlying arbitration clause and the controlling case law in this circuit regarding class action arbitration claims.

## II.    RELEVANT FACTS

Plaintiff filed the instant lawsuit in this court on January 14, 2003 and Plaintiff subsequently amended her complaint on February 11, 2003.  Counts One and Count Two, of her First Amended Complaint allege, respectively, that Defendant IBASE of Fairfield failed to pay her overtime wages in violation of the Fair Labor Standards Act and the Connecticut Minimum Wage Act.  In Count Three of her First Amended Complaint, Plaintiff also alleges violation of the Fair Labor Standards Act on behalf of other similarly situated individuals against the five named defendants, including IBASE of Fairfield, LLC, Plaintiff's former employer.  In Count Four, she alleges violations of various state wage and hour laws on behalf of similarly situated individuals against the same defendants.

Despite these allegations, Plaintiff's First Amended Complaint makes no specific claim for damages on behalf of herself or any other individual.

Plaintiff entered into a written employment agreement with IBASE of Fairfield on July 19, 2002 (the "Agreement"), a copy of which is attached hereto as <u>Exhibit 2</u>.  Paragraph

9 of the Agreement contains an arbitration provision requiring that "any controversy or claim arising out of or relating to this Agreement or its breach, including, but not limited to, all federal or state statutory, constitutional or common law claims . . . shall be settled by arbitration with the American Arbitration Association at a hearing to be held at New Haven, Connecticut."[1]

Because of this arbitration clause, Defendants made a demand for arbitration on March 5, 2003, and on March 11, 2003, IBASE of Fairfield commenced an arbitration proceeding with the AAA with respect to the allegations raised in Plaintiff's complaint and IBASE's defenses to those allegations.

Defendants filed a motion to dismiss or to stay the District Court case and to compel arbitration. On November 20, 2003, the Court, Kravitz, J., granted the Defendants' motion to stay and compelled arbitration of the parties' dispute. The Court left for the arbitrator to determine whether or not Plaintiff's claims should or could proceed as a class action or collective action before the AAA.

In accordance with the AAA's Supplementary Rules for Class Arbitration, the Arbitrator first was required to determine whether or not the parties' arbitration agreement should be construed to permit a class or collective action and to issue a decision on this question, identified as a "Clause Construction Award," before addressing any of the merits of the case. Both parties submitted briefs to the Arbitrator.

In their brief, a copy of which is attached hereto as Exhibit 3, Defendants argued that controlling federal law clearly bars Plaintiff from attempting to proceed on behalf of a class,

---

[1] Another agreement that Plaintiff signed on or about May 9, 2001 contains an identical arbitration provision.

since the arbitration clause, in her agreement conveyed no such authority. Plaintiff countered that she should be allowed to represent a class since the arbitration clause did not explicitly prohibit her from doing so, citing a few state-law rulings outside the employment context.

The Arbitrator, ignoring both the AAA's explicit rules and the controlling federal law, rendered the Award on March 29, 2004, construing the arbitration provision to permit class arbitration. Defendants now ask this Court to vacate the Award and to remand this matter for arbitration on the merits of Plaintiff's individual claims only.

### III. STANDARD

#### A. Vacatur Standard

Under the FAA, once an arbitrator renders an award, any party may challenge that award by moving to vacate it in the District Court having jurisdiction over the controversy. Confirmation and vacatur petitions are "made and heard in the manner provided by law for the making and hearing of motions." 9 U.S.C. § 6. See also Fed.R.Civ.P. 43(e); Fed.R.Civ.P. 52 and 78.

Pursuant to the AAA's Supplementary Rules for Class Arbitrations, when a claimant wishes to proceed as a class the arbitrator must first render a "Clause Construction Award." A copy of the AAA's Supplemental Rules for Class Arbitrations is attached hereto as Exhibit 4. Following the Clause Construction Award, any party may seek court relief to vacate such an award.[2]

---

[2] AAA Supplementary Rule for Class Arbitrations Number 3 specifically states:
[u]pon appointment, the arbitrator shall determine as a threshold matter, in a reasoned, partial final award on the construction of the arbitration clause, whether the applicable arbitration clause permits the arbitration to proceed on behalf of or against a class (the "Clause Construction Award"). The arbitrator shall stay all proceedings

Because the AAA rules classify the Clause Construction Award as a "final" award for purposes of appeal and allow for appeal to "a court of competent jurisdiction," the award is therefore subject to the procedures for immediate judicial challenge by petition for vacatur as set forth in 9 U.S.C. § 10.

**B. Statutory Grounds for Vacating an Award**

The FAA provides that an arbitration award may be vacated by the District Court in any of the following circumstances:

1. where the award was procured by fraud, corruption or undue means;
2. where there was evident partiality or corruption in the arbitrators, or either of them;
3. where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
4. where the arbitrator exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.

See FAA at 9 U.S.C. §10(a).

**C. "Manifest Disregard" Standard**

In addition to the four statutory bases for vacating an arbitrator's award enumerated in the FAA at 9 U.S.C. § 10, the Second Circuit also recognizes an additional, common-law ground for vacatur, where an arbitrator's award is in "manifest disregard of the law." "The

---

following the issuance of the Clause Construction Award for a period of at least 30 days to permit any party to

manifest disregard standard together with 10(a) represent a floor for judicial review of arbitration awards below which parties cannot require courts to go, no matter how clear the parties' intentions." Hoeft v. MVL Group, Inc., 343 F.3d 57, 64 (2d Cir. 2003).

To prove "manifest disregard of the law," a party must demonstrate that: "(1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrators was well defined, explicit, and clearly applicable to the case." Halligan v. Piper Jaffray, Inc., 148 F.3d 197, 204 (2d Cir. 1998). "[Manifest disregard applies in] instances where some egregious impropriety on the part of the arbitrators is apparent, but where none of the provisions of the FAA apply." Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S, 333 F.3d 383, 389 (2d Cir. 2003). See also, e.g. Westerbeke Corp. v. Daihatsu Motor Co., Ltd., 304 F.3d 200, 208 (2d Cir. 2002) ("[t]he arbitrator must appreciate [] the existence of a clearly governing legal principle but decide [] to ignore or pay no attention to it"); Di Russa v. Dean Witter Reynolds, Inc., 121 F. 3d 818, 821 (2d Cir. 1997).

**IV.    ARGUMENT: The Arbitrator's Clause Construction Award Should Be Vacated**

    **A.    The Arbitrator Imperfectly Executed His Powers in Direct Contravention of the Rules of the AAA.**

The Arbitrator directly contravened the clearly defined and applicable AAA Rules regarding contract interpretation in reaching his decision. The AAA rules are designed to be ministerial, procedural guidelines for the arbitration of a claim. "Arbitration is a form of procedure, not of substantive law." Ames v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,

---

move a court of competent jurisdiction to confirm or to vacate the Clause Construction Award.

567 F.2d 1174, 1180 (2d Cir. 1977).  AAA Supplementary Rule for Class Arbitrations Number 3 specifically states that '[i]n construing the applicable arbitration clause, the arbitrator shall *not* consider the existence of these Supplementary Rules, or any other AAA rules, to be a factor either in favor of or against permitting the arbitration to proceed on a class basis." (emphasis added).

Yet the Arbitrator deliberately chose to disregard this clearly dispositive rule in favor of its precise opposite. The Arbitrator's *primary* basis for his Clause Construction Award is his conclusion that because the AAA promulgated rules relating to class actions and because the parties agreed to submit certain disputes to the AAA arbitration and to adopt its rules, the permissibility of class arbitration must be read into the parties' arbitration agreement.  The Arbitrator's decision expressly stated that "although the employment contract itself is silent on whether a class or collective action may be maintained, the rules it incorporates allow such an action."  Award at p. 2.

Such an application of the rules is flatly incorrect, and also completely and manifestly disregards the precise language of the rules themselves.  Indeed, the language of Supplementary Rule for Class Arbitration Number 3 appears to be drafted *specifically* to prevent an arbitrator from infusing any such substantive claim to class arbitration based merely on the fact that the AAA Rules exist, and yet that is exactly what the Arbitrator has done.[3]

---

[3] It is noteworthy that the Arbitrator cites the AAA's rules repeatedly in his Award, yet he appears to have disregarded Rule 3 of the Supplementary Rules for Class Arbitrations.

The Arbitrator's mistaken reliance upon the AAA's rules in fashioning his award – in manifest disregard of those same rules – clearly reveals that the Arbitrator imperfectly executed his powers. Therefore, the Award should be vacated.

### B. The Arbitrator's Award Manifestly Disregards the Applicable Law

The Arbitrator's decision to allow the Plaintiff to proceed with class arbitration, despite the presentation of clearly applicable law by the Defendants, completely ignores and mischaracterizes the federal law with respect to this issue. The Arbitrator's Award essentially (incorrectly) states that any agreement in the employment contract that operates to waive a right to pursue class action is unenforceable as a matter of law because it is equivalent to waiving one's right to compensation. Such a ruling not only discards the controlling authority with respect to this issue, but, in essence, creates an entirely new and contradictory standard.

#### 1. The Authority To Arbitrate As A Class Action Must Be Expressly Provided For In The Subject Contract.

Defendants argued in their Clause Construction brief to the Arbitrator that federal case law requires that where an arbitration clause is silent regarding the issue of class-wide arbitration it is improper for a court to order class arbitration. See, e.g., Champ v. Siegel Trading Co., Inc., 55 F.3d 269, 274, 275 (7th Cir. 1995); see also, Bischoff v. DIRECTV, Inc., 180 F.Supp.2d 1097 (C.D.Cal. 2002)(same) (citing Champ); Gray v. Conseco, Inc., Docket No. SACV000322DOCEEX, 2001 WL 1081347 *3 (C.D. Cal. 2001)(same) (citing

8

Champ);[4] Howard v. Klynveld Peat Marwick Goerdeler, 977 F.Supp. 654, 665 n.7 (S.D.N.Y.1997)(holding employee prohibited from filing class action in court or in arbitration for wrongful termination "such claims must be pursued in non-class arbitration"); Grammaro v. Thorp Consumer Disc. Co., 828 F.Supp. 673, 674 (D. Minn. 1993)(concluding that class arbitration is not proper for arbitration of TILA claims if arbitration clause does not so provide).

      Also as explained in the Defendants' brief, to resolve whether a class-wide arbitration is permissible under an arbitration agreement, the Seventh Circuit in Champ applied the same rationale that the Second, Fifth, Sixth, Eight, Ninth, and Eleventh Circuits have applied in cases questioning whether or not arbitration agreements permitted the consolidation of arbitrations. Id. at 274. These Circuit Courts looked to Section 4 of the Federal Arbitration Act (the "FAA"), which mandates that courts enforce the terms of the parties' arbitration agreements. Id. at 274-76 (internal citations omitted). Indeed, as explained in Champ, where an arbitration agreement "makes no mention of class arbitration," the court shall not order class arbitration. Champ, 55 F. 3d at 275.

      In the instant matter, it is undisputed that the Arbitration Clause is silent on the issue of class-wide arbitration. Because the contract does not otherwise provide for such an action, it is improper "to read such a term into the parties' agreement," because it would "disrupt[] the negotiated risk/benefit allocation and direct [] [the parties] to proceed with a different sort of arbitration." Id.

---

[4] A copy of this unreported decision is attached hereto as Exhibit A to Exhibit 3.

The sole and appropriate standard for determining whether an arbitration clause permits class-wide arbitration is whether the arbitration clause expressly states that a class-wide arbitration is permissible. See Gray v. Conseco, Inc., 2001 WL 1081347 at *3 citing Champ, 55 F.3d at 274-75.

The Arbitrator styled his Award as though he was deciding between two competing lines of authority. However, this characterization is incorrect and misleading. The Arbitrator even admits that the "authority" on which he bases his position was generated in the context of consumer protection and is not actually grounded in federal law, but cites only cases that apply on the California state standard. Award at p. 2.

As explained in New York Telephone Company v. Communication Workers of America, 256 F.3d 89, 92-93 (2d Cir. 2001), an arbitrator cannot apply the law of another jurisdiction when there is controlling authority on point. In New York Telephone, the Second Circuit vacated a portion of the arbitrator's award, as it found that payments ordered in the award were not only illegal, but also contrary to public policy under Circuit precedent. The Court explained that "[the opinions relied upon by the arbitrator] are not the law of this Circuit; it was therefore 'manifest disregard of the law' for the arbitrator to reject *Seatrain* and apply another rule." Id.

The facts in the instant matter are strikingly similar to New York Telephone. Here, as in New York Telephone, not only was the arbitrator aware of the law in this Circuit, but deliberately chose to ignore it and apply another rule. The precedent set in New York Telephone indicates that such a decision is in manifest disregard of the law and subject to vacatur.

Moreover, the Arbitrator's invention of a standard to justify his rejection of the Champ standard underscores his manifest disregard of the law with respect to this issue.

2. The Non-Waivable Right To Compensation Does Not Create A Non-Waivable Right To Class Action.

In his Award, the Arbitrator extrapolated a non-waivable right to sue as a class from the mere existence of a non-waivable right to compensation. The Arbitrator reached this result despite the presentation of persuasive case law stating that the right to a class action cannot be implied when the arbitration clause is silent with respect to that issue; and, in direct contradiction to the well-established and clearly applicable standard that the right to pursue a class action is waivable. See, e.g. In re Certain Underwriter, 294 F. 3d 297, 301 (2d Cir. 2002) (acknowledging that judge who was subject of instant case 'waived any interest she may have held as a putative class member in the Securities Actions and Anti-trust Actions').

Specifically, in attempting to justify his purported reliance on cases declaring waivers to be unconscionable, the Arbitrator explained that '[a]n agreement which, on its face, required Claimant to waive her right to overtime (presuming her job classification granted her that right) would not be enforceable…[b]ecause an agreement specifically requiring the waiver of the right to overtime pay would not be enforceable, an agreement's silence on the issue could not act as a waiver." Award p. 3. The Arbitrator then emphasized the public policy interest in the right to compensation, and noted his personal opinion that '[t]he class or collective action device is particularly well-suited to wage claims, as most employees are unlikely to bring such claims as a single plaintiff for fear of retaliation or loss of the job." Id.

11

At this point, the Arbitrator departed from the clearly defined and applicable law regarding employee wage rights. In doing so, the Arbitrator first stated that "[a]n employee asserting FLSA rights was entitled to utilize both the collective bargaining agreement and sue in federal court." Id., citing Barrentine v. Arkansas Best Freight System, Inc. 450 U.S. 728, 734-40 (1981). But the Arbitrator then inexplicably characterized this holding to be "[t]he public policy of the FLSA…[which] cannot be waived by employees because the contract is silent," and ruled that "[t]he contract cannot be construed as prohibiting a class or collective action under the FLSA." Id. at. p. 3-4.

The Arbitrator's unsupported leap thus invented a non-waivable right to class arbitration in total and knowing disregard of well-established law. In examining the analogous case of Hardy v. Walsh Manning Securities, 341 F.3d 126, 132 (2d Cir. 2003), it is clear that a completely illogical award is a ground for vacatur. In Hardy, the arbitrator made a finding that the CEO (Skelly) of a company was liable for damages, but offered no explanation other than the theory of respondeat superior. Id. at 131. The Second Circuit, in its ultimate review of this decision, determined that as Skelly's status as an employee of Walsh Manning was uncontested, there was "no evidence in the record that provides a colorable justification for this conclusion." Id. The court went on to vacate the award with respect to Skelly, explaining "[I]n our case we have crossed the line from confusion to inexplicability, and we can discern no reading of the Award that resolves its apparent contradiction with the law of respondeat superior." Id. at 132.

Here, the right to compensation does not automatically establish a right to pursue a claim as a class action, and the Arbitrator's assertion to the contrary is wholly inexplicable.

Although there may be benefits for a plaintiff who chooses to proceed as a class action, and an employee has the option to take advantage of an applicable collective bargaining agreement as well as filing suit in federal court, this does not automatically create a non-waivable right to class action. See In re Certain Underwriter at 301.[5]  Certainly, there was no evidence before the Arbitrator from which he could have concluded that Plaintiff could even meet the requirements from class certification if given the opportunity to do so.  It is axiomatic that employees who are not members of a putative class are able to pursue claims for unpaid wages and, in fact, often do so.

An arbitrator cannot therefore capriciously create new standards of law in crafting an award.  "If, thus, the award in question is contrary to law or public policy it is open to, indeed it is incumbent upon, this court to step in." Perma-Line Corp. of America v. Sign Pictorial & Display Union, 639 F.2d 890, 895 (1981).  Here, the Arbitrator's unsubstantiated theory is in direct contradiction to the well stated precedents and basic tenets of public policy recognized in this Circuit, and should be vacated.

> 3.  For Practical Reasons, the Arbitrator's Ruling Regarding The Right to Compensation Is Fatally Flawed.

As a tacit acknowledgment of his disregard of the applicable law, the arbitrator purports to base his decision not on the controlling standard, but on what he describes as a public policy in favor of a contradictory outcome.  Yet even the public policy considerations he articulates are irrelevant to the facts of this case.

---

[5] It is also notable that as a practical matter there is no guarantee that the Plaintiff will be certified as a class, so

For example, in explaining his purported rationale, the Arbitrator identified class actions as 'particularly well-suited to wage claims, as most employees are unlikely to bring such claims as a single plaintiff for fear of retaliation or loss of the job, and most terminated employees are unlikely to seek or obtain counsel to challenge either the termination or terms and conditions which applied during employment." <u>Award</u>. at p. 3

However, in the instant matter, Plaintiff does not need a class action to have redress. The Arbitrator knew, but ignored the fact that, Defendants do not currently employ the Plaintiff, which eliminates any concern of retaliation or loss of employment. Moreover, despite the fact that Plaintiff's employment was terminated, Plaintiff has located and retained counsel to represent her, and, even if successful in pursuing her individual claim, she will be able to recover attorneys fees under the FLSA. <u>See</u> 29 U.S.C. §216(b). "Any employer who violates the provisions of Section 206 or Section 207 of this title shall be liable to the employee or employees affected . . . [and] in addition to any judgment awarded to the plaintiff or plaintiffs, [the court shall] allow a reasonable attorney's fee to be paid by the defendant." <u>Id</u>. <u>See also</u> <u>McGinty v. New York</u>, 251 F.3d 84, 100 (2d Cir. 2001) ("Under the FLSA, a court may award costs and attorney's fees in addition to any judgment awarded to the plaintiff or plaintiffs."). The Plaintiff is therefore <u>not</u> in danger of losing access to the court or arbitrator for lack of availability or funds, if she cannot proceed with her attempt to pursue a class action.

---

there is no practical way that this can be a non-waivable right. If it were, then the procedure for proceeding with a class action and certifying a class would be moot.

14

The Arbitrator's characterization of the applicable case-law as creating a non-waivable right to a class action, regardless of the language or the silence of an arbitration clause, is therefore improper, and in manifest disregard of the law.

**V.**     **CONCLUSION**

For the foregoing reasons, the Defendants respectfully request that this Court vacate the Arbitrator's Clause Construction Award and remand this case for individual arbitration only.

THE DEFENDANTS


By:_____

Stuart M. Katz, Esq.
Federal Bar No. ct 12088
Cohen and Wolf, P.C.
1115 Broad Street
Bridgeport, CT 06604
(203) 368-0211
(203) 394-9901 fax
skatz@cohenandwolf.com

## **CERTIFICATION**

      This is to certify that a copy of the foregoing was mailed postage prepaid this 28th day of April, 2004 to:

Anthony Pantuso, Esq.
Richard Hayber, Esq.
Hayber & Pantuso, LLC
221 Main Street
Suite 400
Hartford, CT 06106

William G. Madsen, Esq.
Madsen, Prestley & Parenteau, LLC
44 Capital Avenue
Suite 201
Hartford, CT 06106

                                                _____

                                                Stuart M. Katz